CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 20 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LESPIA J. KING, | ) | Civil Action No. 7:05CV00521 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GEORGE M. MCMILLAN, SHERIFF, | ) | |
| ROANOKE CITY SHERIFF'S OFFICE, | ) | By: Samuel G. Wilson |
|     Defendant. | ) | United States District Judge |

Lespia J. King brings this suit pursuant to Title VII, claiming that Roanoke City Sheriff George M. McMillan maintained a hostile work environment by making various sexually charged comments and engaging in unwelcome physical contact. King also claims that McMillan has subjected other female employees to a hostile work environment and seeks certification of a class. Meanwhile, McMillan has filed a motion to dismiss. The court finds that King's motion to certify class is untimely and that she has failed to meet the numerosity and commonality requirements for class certification. The court, therefore, denies King's motion to certify class. However, the court finds that King has stated a hostile work environment claim related to her own alleged experiences and accordingly denies McMillan's motion to dismiss.

I.

King began her work as a Roanoke City deputy in August 2000, and she alleges that, up until her resignation in April 2004, McMillan sexually harassed her on several occasions by making inappropriate sexual comments and by engaging in unwelcome physical contact. On October 12, 2004, King filed a charge with the EEOC, alleging that the hostile work environment maintained by McMillan had resulted in her constructive discharge. The EEOC issued a right to sue notice on June 8, 2005, and King filed the current suit on August 16, 2005. King did not

explicitly designate her suit as a class action anywhere in her original complaint; nor did she suggest that a motion to certify class would follow. King, however, did state that McMillan "had an obligation to maintain a work environment that was not . . . hostile to plaintiff and other women," that McMillan had violated federal law "by permitting a work environment . . . that was . . . offensive to plaintiff and other women," and that she had "heard several comments from other deputies about the Sheriff's behavior with plaintiff and other female deputies."

On September 16, 2005, King filed a motion to certify a class consisting of "all women in the United States (except for the states of California, Nevada, Arizona, and Idaho) who have been sexually harassed by George M. McMillan, Sheriff of the City of Roanoke, Virginia."[1] King estimated that the class included 30 or more individuals, and King specifically summarized the experiences of three women who claim that McMillan harassed them. Additionally, three other women have filed affidavits alleging McMillan harassed them. One of the women claims that she never worked with McMillan but that he harassed her during a job interview. Another of the women claims that McMillan harassed her during the course of her employment with Prison Health Services, an independent contractor of the Roanoke City Jail.

## II.

A Title VII plaintiff must file suit within 90 days from the issue of an EEOC right to sue notice. 42 U.S.C. § 2000e-16(c)). If the plaintiff intends to proceed with a class action, the plaintiff must provide notice "of the number and generic identities of the potential plaintiffs who

---

[1]Several members of the putative class have also filed a motion to intervene and join as individual plaintiffs. The court does not address those motions at this time.

may participate in the judgment" within that 90-day period.[2] King filed her original complaint on August 16, 2005, within 90 days of the EEOC's June 8, 2005, right to sue notice; however, she did not file her motion to certify class until September 16, 2005, after the 90-day period had expired.[3] Thus, unless King's original complaint adequately put the defendants on notice of the class nature of the action, King is time barred from bringing a class action based on her EEOC charge. The court finds that the complaint did not provide the required notice and accordingly denies King's motion to certify class.

Though King's complaint occasionally asserted that McMillan had harassed other female employees, King provided no details as to the number or identities of those other employees, and the overwhelming majority of the complaint focused on King's own experiences while working under McMillan with scant reference to assertions she now labels class claims. Moreover, King's complaint and prayer for relief gave no indication whatsoever that anyone other than King herself might participate in an eventual judgment. Thus, the court finds that the complaint did

---

[2] See Smith v. Pennington, 352 F.3d 884, (4th Cir. 2003) ("The scope of a plaintiff's asserted class for tolling purposes is that class for which there was fair notice as to both the substantive claims and the number and generic identities of the potential plaintiffs that might participate in the judgment if the plaintiff's desired class was, in fact, certified.") (internal quotes omitted); Wade v. Danek Medical, Inc., 182 F.3d 281, 288 n9 (4th Cir. 1999) ("One of the purposes of a statute of limitations is to put a defendant on notice of the claims against him within the specified period. [T]he class action plaintiff must 'notif[y] the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.') (internal citations omitted) (quoting American Pipe and Constr. Co. v. Utah, 414 U.S. 538, 555 (1974)); see also United Airlines, Inc. v. McDonald, 432 U.S. 385, 392-93 (1977) ("The lawsuit had been commenced by the timely filing of a complaint for classwide relief, providing United with 'the essential information necessary to determine both the subject matter and size of the prospective litigation . . . .'") (quoting American Pipe, 414 U.S. at 552-53.).

[3] Defendant argues that King failed to include class allegations in her EEOC charge. The court need not and does not address that alleged omission.

3

not provide notice "of the number and generic identities of the potential plaintiffs who may participate in the judgment" and that King, therefore, failed to bring her class action within the statutory 90-day period.

Even were King's motion to certify class timely, the court would deny it because essential requirements of Federal Rule of Civil Procedure 23 are not met. Rule 23 requires that the class be "so numerous that joinder of all members is impracticable." In King's case, only women who had exhausted or could have exhausted their administrative remedies at the time King filed the class action would be eligible to participate in the class.[4] The class could only include women who already had filed grievances with the EEOC and whose 90 days to file suit had not lapsed or women who had worked in the allegedly hostile work environment within 300 days[5] of King filing the class action but had yet to file a charge with the EEOC. King cursorily asserts that the putative class might eventually encompass 30 women residing in different parts of the country; however, she has forecasted no evidence to support the existence of these 30 hypothetical women, much less to suggest that they would be eligible to participate in the class in light of the relevant statutes of limitations. In fact, through her complaint and affidavits, King has brought the identities and alleged experiences of six women to the attention of the court, and it would appear that the claims of at least four of those women were time barred at the time King filed

---

[4] See Hill v. Western Elec. Co., Inc., 672 F.2d 381, (4th Cir. 1982) ("[I]f the statute of limitations had already expired for the individual when the action was first commenced, then the individual cannot be considered a member of the class before the court.").

[5] See Tinsley v. First Union Nat. Bank, 155 F.3d 435, 439 (4th Cir. 1988) ("The basic limitations period is 180 days after the alleged unlawful employment practice. However, the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency . . . .") (citing 42 U.S.C. § 2000e-5(e)(1)).

4

suit, meaning the women would be ineligible to participate in the class. Moreover, regardless of how many women might actually be eligible to participate in the class, King has failed to demonstrate why intervention on an individual basis would be impracticable in this case. Thus, the court finds that King has failed to demonstrate the existence of a group "so numerous that joinder of all members is impracticable."

Rule 23 also requires that there be "questions of law or fact common to the class." The experiences of the six women to whom King has directed the court's attention vary dramatically. One woman cites a one-time encounter with McMillan while she was working for an independent contractor of the Roanoke City Jail. Another woman never worked under McMillan but claims that McMillan sexually harassed her during a job interview. Thus, within the same case, the court would have to address the unshared issues of whether a defendant might be liable for contributing to the hostile work environment of an employee of an independent contractor and whether an individual claiming harassment during an interview may proceed on a hostile work environment theory. Accordingly, the court finds that the requirement that the class members share questions of law and fact is not met.

### III.

In addition to opposing King's motion to certify class, McMillan has filed a motion to dismiss. However, when viewing King's allegations in the light most favorable to her, as the court must at this juncture, the court finds that King has stated individual claims for hostile work environment and constructive discharge and, therefore, denies McMillan's motion to dismiss.

### IV.

For the reasons stated herein, the court denies King's motion to certify class and denies

McMillan's motion to dismiss.

**ENTER:** This 20th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

6