CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LESPIA J. KING, | ) | Civil Action No. 7:05CV00521 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GEORGE M. MCMILLAN, SHERIFF, | ) | |
| ROANOKE CITY SHERIFF'S OFFICE, | ) | By: Samuel G. Wilson |
|     Defendant. | ) | United States District Judge |

Lespia J. King brings this suit pursuant to Title VII, claiming that Roanoke City Sheriff George M. McMillan maintained a hostile work environment by making various sexually charged comments and engaging in unwelcome physical contact. Several other women, who claim McMillan also harassed them but who never exhausted their administrative remedies, have moved under Federal Rule of Civil Procedure 24(b) to intervene as plaintiffs under the so-called "single-filing rule." Because King's EEOC charge did not forecast a collective action, because the putative plaintiffs' claims are factually dissimilar, and because five of the six putative plaintiffs could not have filed timely charges with the EEOC at the time King filed hers, the court denies their motions to intervene.

### I.

King began her work as a Roanoke City deputy in August 2000, and she alleges that, up until her resignation in April 2004, McMillan sexually harassed her on several occasions by making inappropriate sexual comments and by engaging in unwelcome physical contact. On October 12, 2004, King filed a charge with the EEOC, alleging that the hostile work environment maintained by McMillan had resulted in her constructive discharge. In her charge, King chronicled her alleged experiences while working under McMillan; she only referred to the

experiences of other women in the closing sentence of the charge, stating, "I believe that the department and the sheriff have treated other females similarly . . . ."

The EEOC issued a right to sue notice on June 8, 2005, and King filed the current suit on August 16, 2005. On September 16, 2005, King filed a motion to certify a class; the court denied the motion, finding that it was untimely and that, regardless, the numerosity and commonality requirements for class certification had not been met. Several members of that putative class have now moved to intervene as plaintiffs: Tamara Speight, an employee of Prison Health Services (PHS), an independent contractor of the Roanoke City Jail, claims McMillan harassed her until she resigned in October 2001; Erin Bachinsky claims that McMillan sexually harassed her during a job interview in January or March of 2002; Kristin Darnell claims McMillan harassed her until she resigned in August 2002; Jennifer Donovan claims McMillan harassed her until she resigned in October 2002; Angela Linkous, another PHS employee, claims McMillan harassed her until she resigned in February 2003; and Malinda Bland, claims McMillan harassed her during her one week of jail employment in August 2004.

## II.

Even were the court to apply the "single-filing rule" here,[1] the court would only allow permissive intervention[2] if King's EEOC charge "gave notice of the charge's collective nature" and if King's and the putative plaintiffs' claims were "substantially similar." See White v. BFI

---

[1] See White, 375 F.3d at 293 (pointing out that, though other circuits have, the Fourth Circuit has never adopted or applied the "single-filing rule" to a motion to intervene).

[2] To the extent, if any, that the putative plaintiffs seek intervention as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), the court finds that there is little or no danger "that the disposition of the action may as a practical matter impair or impede [the putative plaintiffs'] abilit[ies] to protect [their] interest[s]."

2

Waste Services, 375 F.3d 288, 293 (4th Cir. 2004) (describing but not applying the "single-filing rule": "[it] . . . allows plaintiffs who have not exhausted the administrative requirement of filing with the EEOC to *join* in a lawsuit with other plaintiffs who have exhausted the requirement, provided that all plaintiffs' claims are substantially similar and that the EEOC charge itself gave notice of the charge's collective nature.") (emphasis in original). Even then, the court could only allow intervention by putative plaintiffs whose claims were not statutorily barred, that is by individuals who either had or could have exhausted their administrative remedies on the day King filed her charge with the EEOC. See Hill v. Western Electric Co., 672 F.2d 381, 394-95 (4th Cir. 1982) ("[I]f the statute of limitations had already expired for the individual when the action was first commenced, then the individual cannot be considered a member of the class before the court.").

These requisites for application of the "single-filing rule" are not present here. King's EEOC charge, with its singular, cursory reference to other women, did not provide sufficient notice of the collective nature of King's claims.[3] Further, as the court pointed out when denying King's motion to certify class, the alleged experiences of these women contrast sharply: some putative plaintiffs were employees of the jail, some were employees of an independent contractor

---

[3] See Chacko v. Patuxent Institution, 429 F.3d 505, 506 (4th Cir. 2005) ("'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'") (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir.1996)); Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir.1986) (ADEA case) (holding that "[a]n administrative charge of one or more plaintiffs setting forth only personal claims of discrimination . . . is not sufficient to serve as the basis for a[] . . . class action."); Naton v. Bank of California, 649 F.2d 691, 697 (9th Cir.1981) (refusing to apply "single-filing rule" when the primary plaintiff's charge "expressed no intention to sue on behalf of anyone other than himself.").

of the jail, and one was never hired at all. These disparate claims present differing questions of fact and law, leading the court to find that the claims are not "substantially similar." Moreover, King filed her EEOC charge on October 12, 2004, by which time the claims of all the putative plaintiffs, save Bland, had become stale[4]–meaning five of the six putative plaintiffs had not and could not have filed charges with the EEOC on the day King did. The "single-filing rule" does not apply to statutorily barred claims and, therefore, cannot resuscitate those stale claims.

### III.

For the reasons stated herein, the court denies the motions to intervene.

**ENTER**: This 5th day of January, 2006.

UNITED STATES DISTRICT JUDGE

---

[4]Only individuals suffering harassment within 300 days of October 12, 2004, the day King filed her charge, could have filed timely charges with the EEOC on that date. See Tinsley v. First Union Nat. Bank, 155 F.3d 435, 439 (4th Cir. 1988) ("The basic limitations period is 180 days after the alleged unlawful employment practice. However, the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency . . . .") (citing 42 U.S.C. § 2000e-5(e)(1)). Thus, claims related to McMillan's alleged behavior before December 17, 2003, were stale by the time King filed her charge. Aside from Bland, Linkous had the freshest claim of the putative plaintiffs, appearing to claim that McMillan harassed her as recently as February 2003. However, because her claim pre-dated the December 17, 2003, cutoff, even it was stale by the time King filed.

4