FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LESPIA J. KING,<br>    Plaintiff, | Civil Action No. 7:05CV00521 |
| v. | **MEMORANDUM OPINION** |
| GEORGE M. MCMILLAN, SHERIFF,<br>ROANOKE CITY SHERIFF'S OFFICE,<br>    Defendant. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Lespia J. King filed this Title VII suit against Roanoke City Sheriff George M. McMillan in his official and individual capacities, alleging that McMillan maintained a hostile work environment by making various sexually charged comments and engaging in unwelcome physical contact. 42 U.S.C. §§ 2000e et seq. She also raises various state law claims pursuant to the court's supplemental jurisdiction. See 28 U.S.C. § 1367. Because Octavia Johnson succeeded McMillan as the Roanoke City Sheriff in November 2005, the court, pursuant to Federal Rule of Civil Procedure 25(d), substituted Johnson in her official capacity as party defendant for McMillan in his official capacity as to King's Title VII claims. McMillan, however, remained a defendant in his individual capacity as to King's other claims. Johnson moved to dismiss King's Title VII claims against Johnson for failure to state a claim, contending that King did not sue McMillan in his official capacity; that Johnson is not McMillan's successor under Rule 25(d); and that, if Johnson is McMillan's successor under Rule 25(d), the case against Johnson is moot. The court finds that Johnson is a proper defendant in her official capacity as the current Sheriff for the City of Roanoke and that King's remedies against that office as her former employer are not moot.

Case 7:05-cv-00521-SGW-mfu   Document 92   Filed 07/28/06   Page 1 of 5   Pageid#: 493

# I.

King began her work as a Roanoke City deputy in the Sheriff's office for the City of Roanoke in August 2000. She alleges that, until her forced resignation in April 2004, McMillan sexually harassed her. King filed a charge with the EEOC alleging that McMillan subjected her to a hostile work environment and constructively discharged her. The EEOC issued a right to sue notice, and King filed this suit.

In November 2005, Johnson defeated McMillan in a general election for Sheriff and Johnson took office on January 1, 2006. By order dated April 27, 2006, the court substituted Johnson "in her official capacity as Sheriff of the City of Roanoke for former Sheriff George M. McMillan in his official capacity with respect to the Title VII claims."

# II.

Johnson contends that King did not sue McMillan in his official capacity and, therefore, the court cannot substitute Johnson in her official capacity for McMillan. King contends that the court has already determined that King sued McMillan in his official and individual capacities, and to the extent necessary, King moves for entry of an order to file an amended complaint. The court finds that the plain language of the complaint clearly indicates that King sued McMillan in his official capacity and denies Johnson's motion to dismiss on this ground.[1]

---

[1] The court recognizes that there is conflicting precedent within the Fourth Circuit concerning whether McMillan in his individual capacity can be held liable under Title VII. In Paroline v. Unisys, 879 F.2d 100, 104 (4th Cir. 1989), *vacated in part and rev'd in part on other grounds per curiam*, 900 F.2d 27 (4th Cir. 1990) (*en banc*), the Fourth Circuit held that employees in supervisory positions with "significant control" over "hiring, firing, or conditions of employment" can be held personally liable under Title VII. Id. at 104. However, later in Lissau v. Southern Food Serv., 159 F.3d 177, 180-81 (4th Cir. 1998), the court held that Title VII creates no cause of action against supervisors in their individual capacities. Lissau, 159 F.3d at 180-81 (stating that the Civil Rights Act of 1991 does not "mention individual liability as an available remedy" and that Title VII's "remedial scheme seems so plainly tied to employer, rather than individual, liability"). Although the Fourth Circuit has not expressly overruled Paroline,

The caption of King's complaint reads "George M. McMillan, Sheriff, Roanoke City Sheriff's Office." This language clearly indicates that King brought suit against McMillan in his official capacity as Sheriff for the City of Roanoke. See Efird v. Riley, 342 F.Supp.2d 413, 420 (M.D. N.C. 2004) (stating that plaintiff brought action against defendant in his official capacity when plaintiff "clearly named 'D.Brad Riley, Sheriff of Cabarrus County' as a defendant"). There is no other reasonable way to construe this language. Because the court finds that King sued McMillan in his official capacity, and because an official capacity suit is "in all respects other than name, to be treated as a suit against the entity," Kentucky v. Graham, 473 U.S. 159, 166 (1985), the court denies Johnson's motion to dismiss on this ground.[2]

### III.

Johnson contends that she is not McMillan's "successor" under Rule 25(d) because her term as Roanoke City Sheriff "begins an entire new office, unrelated to McMillan's regime." The court finds that, pursuant to Rule 25(d), Johnson is McMillan's successor and under Title VII the Office of Sheriff for the City of Roanoke is King's former employer and is liable in an action for damages. Therefore, the court denies her motion to dismiss on this ground.

Rule 25(d) provides that "[w]hen a public officer is a party to an action in his official capacity and during its pendency . . . resigns, or otherwise ceases to hold office, the action does

---

other courts have held that the Fourth Circuit has impliedly overruled Paroline. See Jones v. Tyson Foods, Inc., 378 F.Supp. 2d 705, 708 (E.D. Va. 2004) (stating that the Fourth Circuit Court of Appeals "overruled Paroline . . . with its decision in Lissau" and noting that "every district court in Virginia to rule on the issue [whether supervisors are individually liable for violations of Title VII] has also followed Lissau"). This court believes it is compelled to do so, as well.

[2]In the context of a § 1983 claim, if the plaintiff does not specifically allege individual or official capacity, the court must "examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." See Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995). The same rule applies here.

not abate and the officer's successor is automatically substituted as a party." In common parlance, Johnson is McMillan's successor. According to the Merriam-Webster dictionary, "successor" is defined simply as "one that follows," and here, it is undisputed that Johnson followed McMillan as the Sheriff for the City of Roanoke. Johnson, nevertheless, contends that her term as Sheriff creates an entirely new office. Whatever merit her argument may have under state law, however, it is of no practical, legal significance here. Federal, not State law, defines who is an "employer" and who is an "employee" under Title VII, see Curl v. Revis, 740 F.2d 1323, 1327 (4th Cir. 1984) ("A plaintiff's status as an employee under Title VII is a question of federal, rather than state, law; it is to be ascertained through consideration of the statutory language of the Act, its legislative history, existing federal case law, and the particular circumstances of the case at hand."), and the court has no hesitancy in concluding that, for Title VII purposes, the Office of Sheriff for the City of Roanoke was King's employer.[3] Indeed, the adoption of Johnson's legal argument would have

---

[3]Although Johnson presents this issue as a question of whether she is McMillan's "successor" under Rule 25(d), the issue is more accurately framed in terms of whether King has properly named the Office of Sheriff of the City of Roanoke as her "employer" under Title VII. Only employers are liable for Title VII violations. Lissau v. Southern Food Serv., 159 F.3d 177, 180-81 (4th Cir. 1998). A sheriff in his or her official capacity, assuming that he or she has more than fifteen employees, is subject to suit as an "employer" within the meaning of Title VII. See Briggs v. Waters, 2006 WL 1982758, *2 (E.D. Va. 2006) (stating that Title VII plaintiff's "employer" was the "Sheriff's Office" not the former sheriff in his individual capacity, who was the plaintiff's supervisor at the time of alleged Title VII violation); Partington v. American International Specialty Lines Ins. Co., 443 F.3d 334, 339 (4th Cir. 2006) (stating that"[u]nder Title VII, the term 'employer' is defined to include persons that have at least fifteen employees").

Here, the Office of Sheriff of the City of Roanoke is the statutory "employer" under Title VII and, thus, is liable for King's Title VII claims. Accordingly, McMillan in his official capacity was a proper defendant at the time King filed this action, and when Johnson succeeded McMillan as the Sheriff of the City of Roanoke, she became liable in her official capacity. See Briggs v. Waters, 2006 WL 1982758, *2 (E.D. Va. 2006) (dismissing a Title VII claim against the former Sheriff of Portsmouth in his official capacity, holding that "[b]ecause [the former Sheriff] no longer holds the office of Sheriff, he does not have an official capacity in which he can be sued" and dismissing a Title VII action against the former Sheriff in his individual capacity because "Title VII creates no cause of action for a claim against a supervisor in his individual capacity").

the effect of curtailing Title VII protection for an officeholder's employees because an individual officeholder is liable under Title VII in his official capacity only, Briggs v. Waters, 2006 WL 1982758, *2 (E.D. Va. 2006), and Title VII liability would end if he left office for any reason. Because the court finds that Johnson is McMillan's successor, the court denies Johnson's motion to dismiss on this ground.

### IV.

Johnson contends that, if she is McMillan's successor under Rule 25(d), the case against her is moot because she has not continued McMillan's alleged sexual harassment practices and there is nothing in King's complaint or other court filings to suggest that Johnson has committed any wrongful act. Her argument misses the point. The action is not moot because an official capacity suit is a suit against the governmental entity, Graham, 473 U.S. at 166, here, the Office of Sheriff for the City of Roanoke, King's employer for purposes of Title VII, not against Johnson personally, and King is seeking a monetary award from that office. Accordingly, King's suit is not moot, and the court denies Johnson's motion to dismiss.

### V.

For the reasons stated herein, the court denies Johnson's motion to dismiss.

**ENTER**: This 28th day of July, 2006.

_____
UNITED STATES DISTRICT JUDGE