CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 07 2008

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LESPIA J. KING, </br>     Plaintiff, | Civil Action No. 7:05CV00521 |
| v. | MEMORANDUM OPINION |
| GEORGE M. MCMILLAN, in his personal capacity; OCTAVIA L. JOHNSON, SHERIFF, ROANOKE CITY SHERIFF'S OFFICE, in her official capacity, </br>     Defendants. | By: Samuel G. Wilson </br> United States District Judge |

Lespia J. King brings this suit pursuant to Title VII, claiming that a defendant, former Roanoke City Sheriff George M. McMillan, maintained a hostile work environment by making various sexually charged comments and engaging in unwelcome physical contact with King and others. 42 U.S.C. §§ 2000e et seq. King also brings state law claims against McMillan pursuant to this court's supplemental jurisdiction. See 28 U.S.C. § 1367. The case is before this court on motions for summary judgment on the Title VII claims by McMillan and current Roanoke City Sheriff Octavia L. Johnson, defendant, in her official capacity (hereinafter "sheriff's office"). The court finds triable issues of material fact, and accordingly denies the motion by the sheriff's office for summary judgment, and finds McMillan's motion redundant because McMillan is not a defendant with respect to the Title VII claims. This, of course, leaves Title VII claims against the sheriff's office and state law claims against McMillan.

I.

King began her work as a Roanoke City deputy sheriff in August 2000. She alleges that, up until her resignation in April 2004, then-Sheriff McMillan sexually harassed her by making inappropriate sexual comments and by engaging in unwelcome physical contact. On October 12,

2004, King filed a charge with the EEOC, alleging that the hostile work environment maintained by McMillan had resulted in her constructive discharge. The EEOC issued a right to sue notice on June 8, 2005, and King filed the current suit on August 16, 2005. The case was stayed pending an interlocutory appeal regarding issues not pertinent here.

In November 2005, Octavia L. Johnson defeated McMillan in a general election for sheriff. Johnson took office on January 1, 2006. This court substituted Johnson in her official capacity for McMillan with respect to the Title VII claims. Johnson is a defendant in her official capacity only, and only as to the Title VII claims. McMillan is a defendant only in his personal capacity and only as to the non-Title VII claims.

## II.

This court may grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As to the central issues of this case, the depositions and other materials show there are genuine issues of fact, and the sheriff's office is therefore not entitled to judgment as a matter of law.

To prevail on a sexual harassment claim on a hostile work environment theory, King must prove that: "(1) she was harassed because of her sex; (2) the harassment was unwelcome; (3) the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) some reasonable basis exists for imputing liability to the employer." Nye v. Roberts, 145 F. App'x 1 (4th Cir. 2005). The court has reviewed the evidence and is satisfied that the incidents King describes create a triable issue of fact as to whether they meet these four

2

elements. The court therefore denies the motion by the sheriff's office.

### III.

The defendant sheriff's office has moved for partial summary judgment on the grounds that punitive damages against the office are statutorily barred. Punitive damages are allowed only against a respondent "other than a government, government agency or political subdivision." 42 U.S.C. § 1981a(b)(1). The Roanoke City Sheriff's Office is the defendant entity in question, and a sheriff's office is clearly a governmental entity. See, e.g., Briggs v. Waters, 2006 WL 1982758, *2 (E.D. Va. 2006). Therefore, § 1981a(b)(1) does not allow punitive damages against the sheriff's office.

### IV.

The defendant sheriff's office has moved for partial summary judgment on the ground that damages are statutorily limited. Section 1981a(b)(3) establishes a $200,000 cap on compensatory and punitive damages "in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in current or preceding calendar year." 42 U.S.C. 1981a(b)(3)(C). There is no dispute that the number of employees of the Roanoke City Sheriff's Office is within this range. Therefore, this cap will be applicable, if at all, at such time as any damage award exceeds the statutory cap.

### V.

McMillan has moved for summary judgment on the Title VII claims, arguing that he cannot be personally liable on those claims. As noted, this court has already substituted Johnson in her official capacity for McMillan in his official capacity with respect to the Title VII claims. King v. McMillan, No. 7:07CV00521 (W.D. Va April 27, 2006) (order substituting Johnson for

McMillan with respect to Title VII claims). McMillan is not a defendant as to the Title VII claims. Accordingly, his motion for summary judgment as to those claims is redundant.

## VI.

For the reasons stated herein, the motion of the defendant sheriff's office for summary judgment on the plaintiff's claims is **DENIED**.

**ENTER**: This 7th day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE

4

Case 7:05-cv-00521-SGW-mfu   Document 153   Filed 01/07/08   Page 4 of 4   Pageid#: 1051