CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 15 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LESPIA J. KING,<br>  Plaintiff, | ) ) ) | Civil Action No. 7:05CV00521 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| GEORGE M. MCMILLAN, and<br>OCTAVIA JOHNSON, Sheriff of the<br>City of Roanoke,<br>  Defendants. | ) ) ) ) ) | By: Samuel G. Wilson<br>United States District Judge |

  This case, a Title VII sexual harrassment and state-law battery lawsuit, is before the Court on defendant George M. McMillan's post-trial motion for remittitur. The Court will grant the motion, reducing the $175,000 compensatory battery award to $50,000.

  The jury found Octavia Johnson, in her official capacity as Sheriff of the City of Roanoke ("sheriff's office"), liable for $50,000 in compensatory damages under Title VII of the Civil Rights Act. The jury also found former sheriff McMillan personally liable for the tort of battery, and awarded plaintiff Lespia King $175,000 in compensatory damages and $100,000 in punitive damages on that claim. This Court then granted a hearing on the issue of remittitur, only as to the compensatory battery award, in which King noted her willingness to accept a reduced award rather than re-try the issue of compensation.

  McMillan argued, and this Court agrees, that remittitur is appropriate as to this award because is appears to include a punitive element, and is to that extent excessive. The $175,000 compensatory award for battery cannot be squared analytically with the $50,000 compensatory award for the Title VII claim. This is so because the Title VII claim included the exact incident that constituted battery, and many other incidents and damages as well. That is, actual damages from the single battery are necessarily a subset of the damages from the Title VII violation. The

Court will exercise its discretion to remove the punitive element of the compensatory battery award by granting remittitur. Since the plaintiff has agreed to a reduced award rather than a new trial, the Court reduces the compensatory battery award to $50,000.

**ENTER**: This 14th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE