IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LESPIA J. KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 7:05-cv-00521 |
| | ) |
| GEORGE M. McMILLAN, SHERIFF, | ) |
| ROANOKE CITY SHERIFF'S OFFICE, *et al.* | ) |
| | ) |
| Defendants. | ) |

### KING'S MOTION AND MEMORANDUM FOR AWARD OF ATTORNEYS' FEES AND COSTS

Pursuant to Fed. R. Civ. P. 54, Lespia J. King, by counsel, moves for an award of attorneys' fees pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(k), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a. On February 3, 2010, the Fourth Circuit entered judgment affirming the judgment of the district court in favor of Lespia J. King against Octavia Johnson, Sheriff for the City of Roanoke, in her official capacity, and against George M. McMillan, in his individual capacity. King is the prevailing party in this appeal. Accordingly, King requests an additional award for attorney's fees in the amount of $45,625.50.

A.  Statement of Facts

Terry N. Grimes represented King in this appeal. King retained the undersigned due to his expertise in Title VII employment litigation. Grimes acted as lead counsel and duties were distributed among other firm counsel and staff so as to provide for efficient representation.

Johnson and McMillan filed notices of appeal June 11, 2008 (R. 210, 212). Johnson filed a second notice of appeal September 18, 2008 (R. 232). The parties filed briefs and supplement briefs as directed by the Fourth Circuit. Oral argument took place October 30, 2009. The Fourth Circuit issued a published opinion and entered judgment on February 3, 2010.

B.  Prevailing Party Status

"To qualify as a 'prevailing party' a plaintiff need not prevail on every claim or issue raised, but only 'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Spencer v. General Electric Co., 706 F. Supp. 1234, 1236 (E.D. Va. 1989), aff'd 894 F.2d 651 (4th Cir. 1990) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). King is the prevailing party in this litigation.

1.  King qualifies as a "Prevailing Plaintiff."

The Supreme Court has instructed that "a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Hensley 461 U.S. at 429 (*quoting* S. Rep. No. 94-1011, p. 4 (1976), U.S. Code Cong. & Admin. News 1976, p. 5912) (internal quotation marks and citation omitted); accord Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d. 169, 174 (4th Cir. 1994).

To qualify as a "prevailing party," a party must:

> [O]btain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought....In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

Farrar v. Hobby, 506 U.S. 103, 111-12 (1992) (citations omitted).

2.  King altered the legal relationship between the parties.

King is a prevailing party in that she has succeeded on significant issues which achieved some of the benefit she sought in bringing the suit. See also Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 791-92 (1989). She obtained an enforceable monetary judgment. The judgment secured by King has materially altered the legal relationship between the parties by modifying defendants' behavior in a way that directly benefits King.

C.	Determining a Reasonable Fee.

An attorney's fee awarded under the fee shifting provisions of the Civil Rights statutes should comport with the underlying purpose of the Civil Rights Attorneys' Fee Awards Act of 1976, which is to provide civil rights litigants "effective access" to the federal courts and judicial process. Espinoza v. Hillwood Square Mutual Ass'n., 532 F. Supp. 440 (E.D. Va. 1982); Buffington v. Baltimore County, Maryland, 913 F.2d 113, 129 (4th Cir. 1990), cert. denied, 499 U.S. 906 (1991) (*citing* Pennsylvania v. Delaware Valley Citizens' Council, 483 U.S. 711, 731 n.12 (1987) (other citations omitted)). In Hensley, the Supreme Court held that: "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433.

The Fourth Circuit has long recognized the twelve factors set forth in Johnson 488 F.2d 714, 717-19 (5th Cir. 1974) to determine the reasonableness of a fee award under 42 U.S.C. § 1988, the attorney's fee statute for the Civil Rights Acts. See Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir.), cert. denied 439 U.S. 934 (1978); EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990). This analysis has been followed in the Fourth Circuit for fee awards pursuant to 42 U.S.C. § 2000e-5(k).

The twelve Johnson v. Georgia Highway Express factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity cost in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees in similar cases. 488 F.2d at 717-19.

D.  King seeks a Reasonable Hourly Rate and Reasonable Attorney Fees under the Johnson Factors.

1. A "market rate" or rate prevailing in the community for "similar services by lawyers of reasonably comparable skill, experience and reputation" for the type of work for which an award is sought must be established. Blum v. Stenson, 465 U.S. 886, 895 (1984). Johnson factors 3, 4, 5, 9 and 11 should be considered when determining the "market" or reasonable rate. Espinoza, 532 F. Supp. at 450.

2. Skill required to properly perform the legal services rendered (Factor 3).

King's counsel produced a favorable result for King. Counsel for King concentrates in employment litigation. Few employment discrimination cases are successfully prosecuted to verdict and judgment in the western district of Virginia. Many cases are dismissed as a matter of law at summary judgment. Of those that survive to trial, many more are dismissed at the close of the plaintiff's case as a matter of law.

This area of law is fluid and changes daily, requiring constant research of trends and effects of decisions from the United States Supreme Court, the Fourth Circuit and other appellate circuits. Each term the Supreme Court issues important decisions which serve as the basis for lower court decisions. For example, while this case was pending, the Supreme Court issued Sprint/United Mgt. Co. v. Mendelsohn, 552 U.S. 379 (2008), which addressed the admissibility of evidence from other employees in a hostile environment case. A high degree of skill is required to successfully prosecute a plaintiff's employment case beyond summary judgment and to a jury verdict and on appeal.

3. Attorney's opportunity costs in pressing the instant litigation (Factor 4).

King's lead counsel has charged $300.00 per hour for services in employment cases during the time that this litigation was pending (Ex. 4).[1] Therefore, the firm has an opportunity

---

[1] King is entitled to current rates at the time of payment to account for delay between provision of services and payment. Missouri v. Jenkins by Agyei, 491 U.S. 274, 283 (1989) (an award of attorney's fees should ordinarily include "an appropriate adjustment for delay in payment—whether by the application of current

4

cost of no less than the rates sought in this case. King's counsel also has suffered opportunity costs exceeding his regular hourly billing rate due to his inability to work on other cases during the time devoted in this appeal. Lead counsel performs much work on a contingency basis – work in which he recovers hourly rates exceeding $300.00 per hour. Denial of his base hourly rate, with or without enhancement, would penalize him for accepting this case and the risk of contingent recovery. Counsel is entitled to be compensated at a reasonable market rate, given his experience and qualifications for this type of litigation and proven results, including the ability to recover contingent fees in excess of the hourly rate.

    4.      The customary fee for like work (Factor 5).

Counsel has submitted the declaration of Harris Butler, a respected employment litigator who has represented plaintiffs and defendants in employment matters in Virginia. The Court should consider the information submitted by counsel, including "affidavits reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent fee awards by courts in comparable cases; and specific evidence of counsel's actual billing practice or other evidence of the actual rates which counsel can command in the market." Buffington, 913 F.2d at 130 (citing Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987), cert. denied 484 U.S. 1027, 108 S. Ct. 752, 98 L.Ed.2d 765 (1988)). The declaration of Mr. Butler (Ex. 2) indicates that the rate requested is within the accepted range.

    5.      The experience, reputation and ability of the attorney (Factor 9).

Counsel has represented many plaintiffs in employment cases and other complex litigation in state and federal trial and appellate courts. Counsel has spoken at continuing legal education seminars for the Virginia Bar Association and Virginia State Bar on matters involving employment cases. Defense counsel specializes in defense of employment discrimination and

---

rather than historic hourly rates or otherwise."). For the purposes of the present fee application, counsel seeks his present rate of $300.00. Should the payment be further delayed by further appeal or additional defense motions, plaintiff reserves the right for a supplemental award to adjust the rate to the current rate at time of payment, if higher and for additional hours.

civil rights claims. The relative success of employment discrimination defendants, generally, in obtaining summary judgment in employment discrimination cases in the Fourth Circuit must be weighed in Factor 9 in King's application where she overcame arguments of experienced and highly regarded defense counsel to survive summary judgment and to prevail at trial and on appeal.

  6. <u>The nature and length of the professional relationship between attorney and client (Factor 11).</u>

Counsel was retained by King especially for pursuit of this claim in federal court in specialized employment law issues against defendants that to date have indicated no willingness to settle short of a full trial and appeal. Counsel did not have a long standing or continuing professional relationship with the King. No factors exist which would serve to decrease the fee award due to any previous professional relationship between King and her attorneys in this litigation.

  7. <u>A $300 Fee Structure is Reasonable.</u>

For the purposes of calculating a "lodestar" figure, the hourly rate of $300.00 for plaintiff's counsel and $80.00 per hour for paralegal time are reasonable "market rates" in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.

  8. <u>Time and Labor Expended (Factor 1).</u>

    a. <u>Actual Hours Expended</u>

The accompanying Exhibit 3 reflects the time records of counsel actually expended in the instant litigation. The hours of service total 168.60 since May 2008.

    b. <u>Exercise of billing judgment.</u>

Counsel exercised billing judgment and responded only to argument raised by the two appellants on appeal.

9. <u>Effective Management of Contingent Cases.</u>

Counsel generally works on a contingent fee basis in employment discrimination cases which go to litigation. The firm utilizes a "team" approach to manage the litigation. Counsel has lectured on litigation strategies which encourage early resolution by mediation or settlement and efficient use of discovery tools, investigators, associates and/or paralegals (at lesser billing rates) under the strict time lines required in the federal courts. Although the legal issues presented in Title VII litigation are complex, counsel's firm prides itself on efficient use of resources marshaled to extract critical information to prove the case.

a. <u>Efficient Use of Lower Billing Rates.</u>

Counsel is well-versed in managing trials within the time frames in this Circuit. Under the "team" approach used by counsel, conscious efforts were made to avoid duplication of effort.

b. <u>Attempts at Mediation and Settlement.</u>

Counsel has repeatedly attempted to settle or mediate this case. Attempts were made early in the litigation. Defense counsel could obtain no authority from defendants to make a settlement offer. Settlement at any stage would have limited the defendants' present exposure for attorneys' fees. Defendants steadfastly refused to enter into meaningful settlement negotiations.

Under the circumstances, defendants should not now be heard to complain that plaintiff did "too good a job" in vindicating her rights through the hours actually required and expended to prevail on appeal. Defendants' attack on the case by competent and skilled defense counsel required careful preparation and research. Every hour utilized was essential to survival of defendants' attacks and to King's success on the merits.

10. <u>Novelty and Difficulty of Questions Posed By the Action (Factor 2).</u>

The second <u>Johnson</u> factor reviews the novelty and difficulty of the questions presented. Employment discrimination cases are not novel in the sense of cases of first impression. The defense mounted a full scale defense, putting King to her proof. Where the defendants' tactics

result in a comprehensive prosecution on all fronts, the defendants must pay for the fees reasonably incurred by the plaintiff in meeting the defense. See Saleh v. Moore, 95 F. Supp. 2d 555 (E.D. Va. 2000).

11. Contingent or Fixed Fee (Factor 6).

Because King could not afford to pursue this matter at hourly rates, she retained the undersigned and his law firm to represent her with hope of recovery of an uncertain attorney's fees. Unlike Title VII's statutory cap on the amount of damages recoverable by a plaintiff, no such "cap" applies to the recovery of attorneys' fees, which are governed by the twelve Johnson factors previously identified.

12. Amount Involved and Results Obtained (Factor 8).

Plaintiff recovered significant money damages and withstood defendants' appeal. The measures of success is not limited however to the damages awarded but include whether civil rights policies are vindicated and whether important social benefits are obtained. Even relatively small damage awards justify the characterization of "successful" for the purposes of fee awards under the Civil Rights statutes. Where damages are recovered, it signals success beyond the dollars themselves. City of Riverside v. Rivera, 477 U.S. 561, 574 (1986). The "damages a plaintiff recovers contributes significantly to the deterrence of civil rights violations in the future." Rivera, 477 U.S. at 575.

The extent of King's success is a key factor in the analysis of an attorneys' fee award. The relief received by King should be viewed as a whole. Success in a discrimination case may be nothing more than a vindication of important civil rights. See City of Riverside v. Rivera, 477 U.S. 561, 574-76 (1996) (success in a discrimination case includes (a) vindicating important civil rights; (b) contributing to the deterrence of future civil rights violations; and (c) acting as a private attorney general vindicating important policy; and does not hinge on recovery of substantial monetary relief). Hensley, 461 U.S. at 440 (1983). The Supreme Court has rejected

the argument that fee award must be proportionate to the amount of damages recovered. Rivera, 477 U.S. at 574

By any measure, King obtained very favorable results on her claims. The important policy of eradication of sexual harassment for exercising protected rights is furthered by plaintiff's recovery. See Saleh 95 F. Supp. 2d at 575-76. King has succeeded under every measure offered by the Supreme Court: excellent results in damages, vindicating important civil rights and contributing to deterrence of future civil rights violations.

13.  Fee Awards in Similar Cases (Factor 12).

Attorney's fee awards in civil rights litigation often exceed the monetary damage awards. See, e.g. City of Riverside v. Rivera, 477 U.S. 561 (1996); Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1359 (4th Cir. 1995). See also Saleh v. Moore, supra. Vindication of important policies underlying the Civil Rights Acts may, but do not always, relate to significant monetary recoveries. As a "private attorney general" King has furthered important civil rights policy. To attract competent counsel to accept difficult cases, counsel should be awarded no less than hourly billing rates. Counsel requests fees that are modest in comparison to fees which have been approved in the western district of Virginia and affirmed by the Fourth Circuit. See Saleh v. Moore, 95 F. Supp. 2d 555 (E.D. Va. 2000) ($1.3 million attorneys' fees awarded in costs and fees to three law firms in consolidated cases for two plaintiffs in race and national origin discrimination case tried in March, 1999, as follows: $750,000.00 fees/$63,259.48 costs to one firm; $293,542.75 fees/$42,375.50 costs to a second firm; and $167.924.00 fees/$1,715.26 costs to the third firm).

E.  Defendant Is Not Entitled to a Reduction of Time for Related Claims.

Defendants are not entitled to a reduction in fees for related claims because the efforts furthered the plaintiff's claims. In Hensley the Supreme Court held:

> [T]he plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a

9

> claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discreet claims. Instead, the district court should focus on significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

461 U.S. at 435.

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claims should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.

461 U.S. at 440. The Supreme Court specifically held:

> Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fees reduced simply because the district court did not adopt each contention raised.

Hensley, 461 U.S. at 440.

F. Recovery of Time or Administrative Proceedings, Research, Settlement and Matters Related to the Litigation; Expert Fees

In addition to hours by counsel preparing pleadings, time "in court" and for reasonable preparation for such activities, King is entitled to the compensable activities detailed in the attached billing records.

(a) Time spent by legal assistants and law clerks [2]

Because employment discrimination cases are document intensive, plaintiff's counsel utilizes investigators, law clerks and paralegals extensively for handling matters which do not require an attorney and may be billed at a lower billing rate.

(b) Productive attorney conferences and discussions [3]

---

[2] Missouri v. Jenkins By Agyei, 491 U.S. 274, 288-89 (1989); Superior Form Builders v. Dan Chase Taxidermy Supply Co., 881 F. Supp. 1021, 1028 (E.D. Va. 1994), aff'd. 74 F. 3d 488 (4th Cir.), cert. denied, 117 S.Ct. 53 (1996); Herold v. Hajoca Corporation, 864 F.2d 317 (4th Cir. 1988), reh'g and reh'g en banc denied; Lilly v. Harris-Teeter Supermarket, 842 F.2d 1496, 1510 (4th Cir. 1988) (paralegals); Yohay v. Alexandria Employees Credit Union, Inc., 827 F.2d 967, 974 (4th Cir. 1987) (law clerks); Jacobs v. Mancuso, 825 F.2d 559 (1st Cir. 1987); see also Spell v. McDaniel, 852 F. 2d 762, 770 (4th Cir. 1989) (42 U.S.C. § 1988 application to legal assistants).

[3] National Association Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1337 (D.C. Cir. 1982); McKenzie v. Kennickel, 645 F. Supp. 437 (D. D.C. 1986).

10

Lead counsel occasionally consulted with his associates and other experienced employment counsel about theories and strategies. As to consultations with opposing counsel, plaintiff's lead counsel and defense counsel regularly spoke and were able to resolve some matters by agreement without necessity for motions to the Court. Agreements which reduced hours and some stipulations were obtained through such conference.

(c) Negotiation sessions [4]

Counsel repeatedly attempted to engage defendants in productive settlement discussions, encouraging defendants to participate in non-binding mediation and suggesting a settlement conference with the Court, in each instance in an effort to reach a reasonable and fair resolution of this case which would not have necessitated the extent of fees and expenses herein. To date the highest offer from Sheriff Johnson to settle this claim has been zero.

(d) Telephone calls and reviewing related mail [5]

Hours in corresponding with client, counsel, experts, vendors and in furthering the case are recoverable.

(e) Time expended in seeking an award of fees and costs [6]

King is entitled to an award for all time involved in litigating the attorneys' fees and litigation costs award. Appellants' counsel has indicated opposition to this motion.

G. Litigation Related Expenses and Costs

Where attorneys' fees are expressly authorized by statute, the trial court is not limited to Rule 54(d) or 28 U.S.C. § 1920, the general statutory provision governing taxation of costs in awarding litigation expenses to a prevailing party. The court has authority to include litigation

---

[4] Brewster v. Dukakis, 544 F. Supp. 1069, 1079 (D. Mass. 1982), modified 786 F.2d 16 (1st Cir. 1986).
[5] In re Agent Orange Prod. Liab., 611 F. Supp. 1296, 1348 (E.D. N.Y. 1985).

[6] Trimper v. City of Norfolk, 58 F. 3d 68, 77 (4th Cir.), cert. denied, 516 U.S. 997 (1995); Ganey v. Garrison, 813 F. 2d 650, 652 (4th Cir. 1987); Daly v. Hill, 790 F.2d 1071 (4th Cir. 1986).

11

expenses over and above taxable costs as part of a "reasonable attorneys' fee". Herold, 864 F.2d at 322-323; Wheeler v. Durham City Bd. of Educ., 585 F.2d 618, 623 (4th Cir. 1978).

The reasonable out-of-pocket expenses that are normally charged to a fee paying client are recoverable as a part of an attorneys' fee award.[7] The types of expenses included in plaintiff's fee application are reasonable out-of-pocket expenses that are charged by the firm. The Fourth Circuit held in Wheeler that "litigation expenses such as supplemental secretarial costs, copying, telephone costs and necessary travel are integrally related to the work of an attorney . . ." and were recoverable. 585 F.2d at 623 (footnotes omitted). Such other necessary expenses include postage and express mail[8], deposition costs[9], courier or delivery charges[10], and personal out-of-pocket costs incurred by plaintiffs themselves in the course of litigating their suit[11].

### Conclusion

For the reasons stated above, King requests an award for appellate attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. §§ 1981a and 1988 in the amount of $45,625.80,

---

[7] Sussman v. Patterson, 108 F.3d 1206, 1213 (10th Cir. 1997) (litigation expenses including photocopying, mileage, meals and postage awarded under 42 U.S.C. § 1988); Downes v. Volkswagen of America, Inc., 41 F.3d 1132 (7th Cir. 1994) (expenses for postage, long distance telephone, attorney travel, paralegals, and expert witnesses recoverable under Civil Rights Attorneys Fees Awards Act); Marshall v. State of New York Div. of State Police, 31 F. Supp.2d 100, 110 (N.D.N.Y. 1998) ("As to those general and administrative expenses incurred by plaintiff, the Court finds the requested amounts reasonable expenses, consistent with those granted in the course of providing legal services and usually charged to a fee-paying client.").

[8] Mennor v. Ft. Hood Nat'l Bank, 829 F.2d 553, 556-57 (5th Cir. 1987); Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983).

[9] Mennor, supra.; Ramos v. Lamm, 713 F.2d 546, 559 (10th Cir. 1983); Herold v. Hajoca Corp., 864 F. 2d. 317 (4th Cir. 1988), cert. denied 490 U.S. 1107(1989).

[10] Davis v. City of San Francisco, 976 F.2d 1536, 1556 (9th Cir. 1992); West Virginia Univ. Hospital, Inc. v. Casey, 898 F.2d 357, 366 (3rd Cir. 1990), aff'd 499 U.S. 83 (1991); Noble v. Herrington, 732 F. Supp. 114, 118-19 (D. D.C. 1989); Parking Dairy v. City of Gloucester, 789 F. Supp. 61, 68 (D. Mass. 1992).

[11] Laffey v. Northwest Airlines, 572 F. Supp. 354, 385 (D. D.C. 1983) (telephone, postage, travel and wages for missed work), aff'd 746 F.2d 4 (D.C. Cir. 1984), cert. denied 472 U.S. 1021 (1984), reversed in part on other grounds 857 F.2d 1516 (D.C. Cir. 1988).

plus interest at the judgment rate. Congress' principal objective in enacting a provision for reasonable attorneys' fees in civil rights litigation was to provide an incentive to competent attorneys to accept difficult but socially important cases. H.R. Rep. No. 94-1558, 94th Cong. 2d Sess. 6 (1976); S. Rep. 94-1001, 94th Cong. 2d Sess. 4 (1976); City of Riverside v. Rivera, 461 U.S. at 575-76. Failure to provide a reasonable attorney's fee, considering the complexity of law and skill required to prevail in federal court litigation against a large, well-funded defense, would undermine the congressional intent and dilute the important societal interests at stake. The award to an attorney under a fee shifting statute, who operates as a "private attorney general," must reflect these economic realities; otherwise, capable plaintiff's counsel will not accept civil rights cases or will turn to representation of defendants where hourly fees are substantial, not dependent on result and are paid monthly.

This motion is filed with this Court under Fed. R. Civ. P. 54(d). Pursuant to direction from a deputy clerk of the Fourth Circuit Court of Appeals, the same motion has been filed under the Fourth Circuit's Local Rule 46(e) with the request that the Fourth Circuit remand the motion for consideration by this Court should the Fourth Circuit deem it proper to do so.

                                            Respectfully Submitted,
                                            LESPIA J. KING

                                            By    */s/ Terry N. Grimes*
                                                           Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
Melvin E. Williams, Esquire (VSB No. 43305)
GRIMES & WILLIAMS, P.C.
Franklin Commons
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
TELEPHONE: (540) 982-3711
*FACSIMILE:*    (540) 345-6572
    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 17th day of February 2010, electronically filed the foregoing document with the Clerk of Court through the CM/ECF system, which will send electronic notification of the filing to Elizabeth K. Dillon, GUYNN MEMMER & DILLON, 415 S. College Avenue, Salem, Virginia 24153, counsel for George M. McMillan; and to John A. Gibney, THOMPSON & MCMULLEN, P.C., 100 Shockoe Slip, Richmond, Virginia 23210, counsel for Sheriff Octavia Johnson.

                                                                    /s/ Terry N. Grimes